MILDRED CONKLIN, Appellant, v. CITY OF DES MOINES, Appellee.

**APPEAL AND ERROR:** Law of Case. The law as declared on appeal must necessarily govern the retrial on the same pleadings and facts.

**NUISANCE:** Abated Permanent Nuisance—Measure of Damages. The measure of damages for a nuisance, permanent in its nature but fully abated prior to the bringing of action, is the depreciation in rental value for the time between the creation of the nuisance and its abatement.

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF, Judge.

JULY 6, 1920.

ACTION to recover damages for diverting water on plaintiff's land, through a ditch constructed by the defendant. At the conclusion of all the evidence, the court directed a verdict for the defendant. Plaintiff appeals. For a full statement of the facts, see opinion of this court on former appeal, reported in 184 Iowa 384.—*Affirmed.*

*S. B. Allen,* for appellant.

*H. W. Byers, Reson S. Jones, C. A. Weaver,* and *Paul Hewitt,* for appellee.

Gaynor, J.—Plaintiff is the owner of a certain tract of land in the city of Des Moines, and claims that the defendant wrongfully constructed a ditch, in such a manner and way as to divert the water, both surface and flood water, from its natural channels, and cast it upon plaintiff's land. Her claim, briefly stated, is that the ditch was constructed by the defendant; that it was so constructed that water coming from the ditch flowed over her premises; that the water so coming would not, in the natural course of drainage, pass onto her land; that no provision was made for its escape as it accumulated in the ditch, except over plaintiff's premises; that, during the years 1903 to 1909, inclusive, defendant, through the channel so created, caused the water above plaintiff's land to be carried through said ditch onto plaintiff's land; that the effect of this was to prevent plaintiff from raising any crop upon the portion of the land each successive year between said dates.

She divides her petition into two counts. In the first count, she seeks to recover damages for the injury to the land occasioned by the act of the defendant aforesaid. In the second count, she alleges that, by reason of the act aforesaid, waters that did not come upon her land were wrongfully cast upon the land through said ditch, and remained there to her great damage; that, subsequently, the board of supervisors of Polk County, observing the condition, established a drainage district, in which this land of plaintiff's was included; that, through this drainage district so created, they properly established a ditch to carry off the waters, and the evidence shows it did this; that, subsequently, plaintiff's land was assessed for its proportion of the cost of draining the entire district, on the theory that she was benefited to that extent; and that her equitable apportionment of the cost was $1,000. She alleges that, besides this, the drainage district appropriated certain of her lands, the use of which has been entirely lost to her through

the action of the board.  She claims that it would not have been necessary to have established this ditch, if it had not been for the act of the defendant aforesaid.  In this second count, she claims a right to recover for the value of the land taken by the drainage district, together with the amount which she was required to pay as special benefits accruing to her by reason of the establishment of the district and the putting in of the ditch.

The defendant filed a general denial, practically.

Upon the issues, the cause was tried to a jury.  At the conclusion of all the testimony, the court directed a verdict for the defendant, and from the action of the court the plaintiff appeals, and assigns error.  Not all the errors assigned need be discussed in the disposition of this case.

This case was here before on appeal.  The opinion of the court is found in 184 Iowa 384.

1. APPEAL AND ERROR: law of case.

As we have said, we need not discuss all the questions that are urged here.  Many of these questions were settled on the former appeal, and the holding of this court on the former appeal is the law of this case.  On the former trial, it was urged that plaintiff was entitled to recover the amount assessed against her as benefits in the establishment of the drainage district, and recovery was sought upon the same theory that is urged here, to wit: that it represents the cost of abating the nuisance created by the act of the defendant complained of.  The record on this point is the same now as it was then.  We then said:

"It would, therefore, be manifestly impossible for a jury to determine the cost to plaintiff of the abatement of the nuisance by a public drainage improvement.  To permit the jury to do so would open up a field of speculation only."

This holding was based upon the thought that the evidence relied upon, to wit, the amount assessed against plaintiff's land for the improvement, did not measure the cost to the plaintiff of abating the nuisance.  The plaintiff did not abate the nuisance.  The nuisance was abated through the action of the board of supervisors in establish-

ing the drainage district, and the construction of the ditch through the drainage district so established. It is conceded that this abated the nuisance, and relieved plaintiff of all the water which she says was wrongfully carried upon her land by the action of this defendant. The nuisance is abated. It no longer exists. The cost of abating a nuisance is properly chargeable to the one who causes the existence of the nuisance; but the amount recovered must be measured by the cost to the party, reasonably incurred in the act of abating. The amount assessed for special benefits in a drainage district is not measured by its relief from any particular waters that flow upon it. Plaintiff's land was all low, and much of it subject to overflow, before the act of the defendant was committed of which complaint is made. By the act of the board of supervisors in establishing the drainage district and the ditch, it is now relieved from the burden of all the waters that interfered with the land for agricultural purposes. The amount assessed does not measure, therefore, the cost of repairing the wrong which the defendant did, but tends rather to measure the whole benefits which came to the plaintiff by reason of the establishment of the drainage district and the removal of the waters within the district which served, more or less, as a menace to plaintiff's land. However that may be, this matter is settled by the previous decision of this court. So it is apparent that, on the second count of plaintiff's petition, her attitude not having been changed nor the proof altered, her claim stands condemned by this court.

The first count of her petition is bottomed on the theory of a permanent nuisance, and she introduced evidence of damage on that theory, and followed the rule which is ordinarily adopted when a nuisance is permanent, to wit, the difference between the value of the land immediately before and the value of the land immediately after the establishment of the nuisance. The record discloses in this case that, after the establishment of the drainage district and the putting in of the ditch by the district, plaintiff's land

2. NUISANCE: abated permanent nuisance: measure of damages.

has been relieved of all the evil consequences which she claimed flowed from the action of the defendant. The nuisance is, therefore, abated, and was abated before this action was commenced. It would be manifestly inequitable now to allow her to recover on the theory of a permanent nuisance. She was not denied the right, however, if she had chosen to follow the suggestions made in our former opinion, to introduce proof of such loss as accrued to her while the nuisance continued. This would be measured by the loss of the use of the land during the existence of the nuisance. Whatever plaintiff's reason may have been for failing to follow the suggestion of this court in the former opinion, she has seen fit to rely and submit her case on the theory of a permanent nuisance, and offered no evidence tending to show the loss, if any, to her in the use of the land during the continuance of the nuisance. We are rather inclined to think that this was not done for the reason that the plaintiff has received her rental, the same after as before the nuisance was created. The loss, if any, must have fallen on her tenant, who is not a party to the suit. This was the theory upon which the court instructed the jury to return a verdict for the defendant.

We will not reconsider the propositions involved beyond this holding. She introduced no evidence tending to show the depreciation of the rental value of the premises, or that she lost anything by any act of the defendant in depreciation of rental value. In our former opinion, we said:

"The court should have permitted plaintiff to show the fair and reasonable rental value of the premises before the ditch was constructed, and its rental value as affected thereby."

This, under the record, was the proper measure of plaintiff's damage, if any she sustained. No evidence being offered by the plaintiff on this point on this trial, she has furnished no basis on which damages could be awarded her, and the court was right in so holding. Its judgment is, therefore,—*Affirmed*.

WEAVER, C. J., LADD and STEVENS, JJ., concur.